A bullet from a pistol fired by Matthew Spillman during the night of November 23, 1939, pierced the left hand of plaintiff, Lena Martin, and resulted in serious injury and disability to her.
Proof of the mishap and the consequences thereof was furnished to defendant company in connection with an accident insurance policy issued by it to plaintiff, which was then in full force and effect, but payment of the stipulated disability benefits was refused. The refusal had as its basis the policy provision stating that no weekly benefit would be paid for injuries received by the insured while violating the law. Defendant took the position that plaintiff, when injured, was offending against the Anti-Vice Ordinance of the City of Monroe which forbids the use of a room or place for the purpose of prostitution or assignation, and that her transgression of that law had a causative connection with the shooting and injury.
After the trial of the merits of this suit, the filing of which was for the purpose of recovering the mentioned benefits and followed defendant's failure to make payment, the insurer was condemned to pay to plaintiff $5 per week for 25 weeks and, additionally, attorney's fees of $50. From the judgment, defendant appealed.
It is contended by appellant that the trial judge erred in holding:
1. That there was no violation of law on plaintiff's part. *Page 480 
2. That disability, as contemplated by the contract, existed.
3. That the plaintiff was entitled to recover the penalty provided by Act 310 of 1910.
There is no evidence in the record in proof of defendant's assertion that a room or place was being used by plaintiff for the purpose of prostitution or assignation. It does not appear that she was ever arrested for and charged with a violation of the mentioned Anti-Vice Ordinance, and no one testified that her place of abode was known as a house of ill repute. Sharing a three-room apartment with plaintiff were another woman and an old man, they being her tenants, and each had a separate room.
The shooting, as we appreciate the testimony, was an outgrowth of jealousy on the part of the gun wielder, plaintiff's former lover with whom she had parted company several months previously. This was aroused by reason of certain attentions that plaintiff had been showing a newly found suitor who, on the night in question, was visiting her. Spillman learned of this visit and went to her residence door and knocked. After promising to harm no one, he was permitted to enter the apartment. Plaintiff's two tenants were then in their respective rooms. Without any fighting or tussling taking place, and with little or no warning, Spillman began shooting at the new courtier who, at the time, was exiting in haste. Plaintiff, during the excitement and with the view of protecting the fleeing target, placed her left hand over the end of the pistol barrel and received the injury.
To use the appropriate words of the trial judge, it is not shown that "plaintiff, although she may have sinned against the Holy Scriptures (though it was not sufficiently proven), had violated any manmade law."
Appellant directs attention to the policy provision reading that "weekly benefits for accident will only be paid for each period of seven consecutive days that the insured is, by reason of accidental injury, disabled from work of any nature, provided that there is external evidence of such injury for the time paid"; and it contends that insured was not so disabled. Previous to the accident plaintiff was engaged in general housecleaning for hire. The medical proof amply shows that her disability, which is permanent, prevents the discharge of most of the important duties of that occupation, and that satisfactory performance of the work to which she is accustomed is impossible. Therefore, she is disabled from work of any nature within the intendment of the quoted policy provision.
The trial court was justified, we think, in condemning defendant to pay attorney's fees, pursuant to the provisions of Act 310 of 1910, because of the delay in settling plaintiff's claim. The defenses urged herein are clearly without foundation or merit, and defendant, it is apparent, had no just and reasonable grounds to resist payment. The other part of the statutory penalty, that is double the amount due under the terms of the policy, was not awarded to plaintiff. No reason for the disallowance is given. But plaintiff has neither appealed nor filed an answer to the appeal, and an amendment of the judgment in her favor in this respect cannot be effected.
Usually, when the provisions of the cited penal statute are applicable, the entire penalty embracing both the attorney's fees and the double payment is imposed. However, as in this case, the imposition of only a part of it does not, in our opinion, work a forfeiture of the whole. The cited case of Miley v. Fireside Mutual Insurance Company, La.App., 200 So. 505, is not in support of defendant's contention that it does.
The judgment is affirmed. *Page 562